■ In the Matter of MORGAN D. RYAN, Petitioner, against SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents.— Motion for permission to appeal to the Court of Appeals granted. Application for a stay of the trial granted. Settle form of order for permission to appeal on notice. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of WANITA M. LINDSAY, Respondent, against STANLEY NOWROCKI et al., Doing Business as HEDGES NINE MILE POINT HOTEL, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employers and carrier from a decision and award by the Workmen's Compensation Board. On August 6, 1955 claimant, while working as a waitress in the employer's hotel, was carrying a heavy tray of food to the dining room, and in the process she had to step down one step. As she did so she felt a sharp pain in her back and had to have assistance in setting the tray down on a stand. After resting she continued work for that day and then was off work for one week. She suffered a pre-existing pathology, and the award is based upon an aggravation thereof due to the accident. There is evidence in addition to claimant's testimony that she suffered a definite accident as she carried the tray down the step. While the medical evidence is conflicting there is substantial medical evidence that the disability for which the award has been made was causally related to the accident at work. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of JULIA FIGUEROA, Appellant, against HOWMAR NOVELTY COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which held that claimant's eye condition subsequent to March 14, 1955 was not causally related to the accident of January 5, 1955 found by the board to have occurred when a fragment of rhinestone upon which claimant was working chipped off and lodged in her right eye, causing kerato-conjunctivitis. The case presents no more than a conflict of medical opinion evidence which the board was entitled to resolve against the claimant. There was proof that on or prior to the date in question the "mild" conjunctivitis was not disabling. There was evidence that claimant also suffered from a blepharospasm but there was ample medical proof that this condition (a closing of the eyelid) was voluntary and, indeed, that claimant was malingering. There also existed a cortical cataract but again the evidence warranted the board's denial of causation. Decision unanimously affirmed, without costs. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.